UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | |
|---|---|
| CHRISTOPHER G. SHAFER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KENNETH J. LIPPERT, and ) <br> GEICO CASUALTY COMPANY, ) <br> ) <br> Defendants. ) | No. 4:25CV665 HEA |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant Geico's Motion to Dismiss for Failure to State a Claim, [Doc. No. 5]. Plaintiff has not responded to the Motion. For the reasons set forth below, the Motion will be granted. Plaintiff will be given leave to refile his claim against Geico upon any determination of liability on the part of Defendant Lippert.

### Facts and Background[1]

Plaintiff brought this action in the Circuit Court of St. Louis County on April 4, 2025. Defendant Geico removed it to this Court, with consent of Defendant

---

[1] The recitation of facts is set forth for the purposes of this motion only. It in no way relieves the parties of the necessary proof of the facts in later proceedings.

Lippert, based on the Court's diversity of citizenship jurisdiction. 28 U.S.C. § 1332.

Plaintiff's Petition alleges claims of negligence and negligence *per* se against Defendant Lippert. He claims breach of contract for underinsured motorist coverage and vexatious refusal to pay against Defendant Geico.

Defendant Geico moves to dismiss Counts III (breach of underinsured motorist coverage policy) and Count IV (vexatious refusal to pay).

Plaintiff alleges he was injured when Defendant Lippert was negligent, reckless, and careless in operating his motor vehicle by violating a traffic signal, failed to keep a careful lookout, drove at excessive speed and operating the vehicle while using a cellular device.

Plaintiff further alleges that he was insured for underinsured motorist with Defendant Geico, that he has complied with the terms of the Geico policy and is entitled to receive payment of any and all proceeds due under the terms of the policy.

## Legal Standard

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When analyzing a motion to dismiss, "a court must accept the allegations contained in the complaint as true and make all reasonable inferences in favor of the nonmoving party." *Martin v. Iowa*, 752 F.3d 725, 727 (8th Cir. 2014). However, courts "need not accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts*." Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019). The complaint must allege sufficient facts to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 555 (citing 5 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1216 at 235 236 (3d ed. 2004)). "Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citing *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997)).

## Discussion

Defendant's policy states in relevant part as follows:

> We will also pay damages the insured is legally entitled to recover for bodily injury caused by an accident and arising out of the ownership, maintenance, or use of an underinsured motor vehicle. However, we will not pay until the total of all bodily injury liability insurance available has been exhausted by payment of judgments or settlements.

Defendant contends that since there has been no determination of Lippert's liability and exhaustion of any insurance policy limits he has, it must be dismissed from this action. The Court considers Plaintiff's failure to respond to the motion as a concession of the motion to dismiss. Local Rule 4.01(B) provides:

> (B) Except as otherwise provided in these rules or by order of the Court, each party opposing a motion (other than a motion seeking an extension of time) must file, within fourteen (14) days after service of the motion, a single memorandum containing any relevant argument and citations to authorities on which the party relies. If any memorandum in opposition requires consideration of facts not appearing in the record, the party must file with its memorandum all documentary evidence relied upon.

To maintain an underinsured motorist claim, an insured must demonstrate that (1) he has received bodily injuries; (2) the injuries resulted from an incident involving an underinsured vehicle; and (3) that he is legally entitled to collect from the owner of the underinsured vehicle. *Lewis v. State Farm Mut. Auto. Ins. Co.*, 857 S.W.2d 465 (Mo.App. E.D. 1993), The underlying purpose of underinsure motorist coverage is to place the insured in the position he would have been in had the tortfeasor been adequately insured. *Wendt v. General Accident Ins. Co.*, 895 S.W.2d 210, 217 (Mo.App. E.D. 1995). Defendant contends that the third element of an underinsured motorist claim has not been alleged thereby failing to set forth a claim against it for the underinsured coverage.

4

\      The claim against Defendant Geico is not yet ripe since Plaintiff has not and at this stage cannot, allege he has exhausted the limits of Lippert's motor vehicle policies, if any.

> For an insured to be legally entitled to collect, there must be a prior, judicially enforceable determination of liability and damages. Further, the conditions for underinsured motorist coverage are only met if such damages exceed the limits of the existing liability coverages. We read this interpretation to condition an insured's coverage and recovery on the exhaustion of the limits of all bodily injury policies in existence at the time of the collision.

*Lewis* 857 S.W.2d at 465, citing *State ex rel. Sago v. O'Brien*, 827 S.W.2d 754 (Mo. App. 1992).

## Conclusion

Based upon the foregoing, Plaintiff's Claims against Defendant Geico are not yet ripe for adjudication.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Geico's Motion to Dismiss, [Doc. 5], is granted.

**IT IS FURTHER ORDERED** that Plaintiff will be given leave to file an Amended Complaint against Geico if a legal determination of liability is rendered against Defendant Lippert and his bodily injury liability insurance has been

5

exhausted by payment of a judgment or settlement.

Dated this 21st day of July, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE